HAMILTON, Senior Circuit Judge,
concurring:
I concur in Judge Agee’s thorough and convincing opinion. I write separately to make three observations concerning the use of common sense in ACCA cases. First, there is nothing truly remarkable about the use of common sense in ACCA cases. The Supreme Court certainly has countenanced such use, cf. James v. United States, 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (noting that the ACCA does not require “that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony”), and even the dissent implicitly acknowledges this fact, see post at 298 (“I don’t disagree with the majority’s assertion that courts are permitted to draw reasonable inferences from the underlying judicial records when considering whether prior convictions qualify” under the ACCA).
Second, leaving our common sense at the front door makes little sense in examining court documents in ACCA cases. For example, what if the Virginia state court documents reflected that Foster was convicted of breaking and entering into an “Outback Steakhouse” or a “Wawa”? Under the dissent’s interpretation of Shepard, a district court would be precluded from using such a conviction because the documents themselves do not prove to an absolute certainty that every Outback Steakhouse or Wawa is affixed to the ground. As the dissent sees it, our common sense cannot step in and tell us what we already know because there is an infinitesimally small possibility that there is some Outback Steakhouse or Wawa floating on a river somewhere in a far-off land. With all due respect to my esteemed colleague in dissent, interpreting Shepard in this manner makes little sense, and it is incon *298 gruous to the admonition from the Supreme Court that the “ACCA does not require metaphysical certainty.” James, 550 U.S. at 207, 127 S.Ct. 1586. Our common sense neither is an outside evidentiary source that is prohibited by Shepard, nor is our use of it going to create a trial within a trial in ACCA cases. As Judge Agee recognizes, the use of common sense simply guides us in discerning what the “actual words” in the Shepard-approved documents mean. Ante at 296. It is unimaginable that the Supreme Court would frown upon such use.
Finally, the dissent implies that the use of common sense “replace[s the district court’s] fact-finding with our own.” Post at 299. The use of common sense is not the equivalent of fact-finding. The standard of review in ACCA cases is de novo, United States v. Thompson, 421 F.3d 278, 280-81 (4th Cir.2005), and the use of common sense here is the same common sense courts routinely employ in determining the meaning of a state or federal statute.